UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

CHRIS MARKOCH,                                     Case No. DK 18-00740
                                                   Chapter 13
                Debtor.                            Hon. Scott W. Dales

_____/

SUPPLEMENTAL OPINION REGARDING
MOTION TO CONTINUE THE AUTOMATIC STAY

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

In his second chapter 13 case within a year, debtor Chris Markoch (the "Debtor") filed

and served a corrected motion for continuation of the automatic stay under 11 U.S.C. §

362(c)(3)(B) (ECF No 17, the "Motion").  The Debtor filed the Motion on the petition date

(February 27, 2018) using the "negative notice" procedure authorized under LBR 4001-5 and

9013(c).  The Debtor's home mortgage lender, U.S. Bank Trust, N.A. ("U.S. Bank"), timely filed

an objection to the Motion (ECF No. 15, the "Objection") and requested a hearing.

The court reviewed the Motion and the Objection, and set the matter for hearing on the

next available, regularly-scheduled, motion day for the Kalamazoo docket.  A hearing took place

on April 17, 2018 at which the Debtor appeared personally and through counsel.  The chapter 13

trustee and U.S. Bank also appeared through counsel.  At the conclusion of the hearing, the court

offered its reasons for granting the Motion in part, and denying it in part.  This written opinion

supplements the court's oral statements on the record during the hearing.

Because the Debtor had two chapter 13 cases pending within a year of each other, one of

which was dismissed, the Bankruptcy Code imposed limits on the duration or effect of the

automatic stay in the second case.  More specifically, with certain exceptions not relevant here,

the statute provides as follows:

> (3)  if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>
> > (A)   the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

11 U.S.C. § 362(c)(3).  An interested party -- usually the debtor -- who seeks an order extending

the automatic stay that is set to terminate under § 362(c)(3) must move quickly because the

statute provides a very small window for extending the stay under these circumstances:

> (B)    on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) *after notice and a hearing completed before the expiration of the 30-day period* only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . .

*Id.* § 362(c)(3)(B) (emphasis added).  At the hearing to consider the present Motion, the court

explained that because more than 30 days from the petition date had passed, it was no longer

possible to complete the hearing within the statutory period as to U.S. Bank -- the only creditor

who objected to the Motion.  *See* 11 U.S.C. § 362(c)(3)(B).  As to creditors who had not opposed

the Motion, however, the court observed that the "hearing" had been completed within the 30

day period because the phrase "after notice and a hearing" authorizes the court to act "without an

actual hearing if such notice is given properly and if  . . .  such a hearing is not requested timely

by a party in interest."  *Id.* § 102(1)(B)(i).

In response to the court's statement that it was too late to grant the Motion as to U.S. Bank, the Debtor's counsel argued that LBR 4001-5, which authorizes use of the "notice and opportunity to object" procedures under LBR 9013(c), should be read as modifying the 30 day period prescribed in § 362(c)(3)(B), as long as a debtor files the motion to extend the stay within 7 days of the filing of the petition.

The court rejects the argument under LBR 4001-5 principally because a local court rule cannot modify an Act of Congress, and because the procedural choices of one litigant (here, the Debtor's election to use LBR 4001-5 and 9013(c)) should not affect the substantive rights of another (here, U.S. Bank's right to insist that the stay lifted by operation of law on the thirtieth day after the petition date). *See* Fed. R. Bankr. P. 9029(a)(1) (authorizing local rules that are consistent with Acts of Congress and national rules); *cf.* 28 U.S.C. § 2075 (national rules may not modify any "substantive right").

Having filed this second case -- once again on the eve of foreclosure -- it was quite likely that the Motion would draw an objection and request for hearing from U.S. Bank, and that the hearing might be scheduled outside the 30 day period in the ordinary course of the Clerk's operations, absent some request from the Debtor's counsel for expedited scheduling given the statutory deadline. While some motions which draw objections under LBR 4001-5 and 9013(c) may easily be scheduled on a regular motion day within the 30 day period prescribed in § 362(c)(3), the court's motion calendar does not always permit the hearing to be set, let alone "concluded," within that time. It is the duty of movant's counsel to ensure that the scheduling of the matter does not affect the client's substantive rights by alerting the court to the issue and requesting some accommodation as to scheduling. The court is exceedingly receptive to such

requests, especially in situations involving self-effectuating and unforgiving statutory deadlines that sometimes set traps for the unwary litigant or practitioner.[1]

So, returning to this case, as a matter of law the automatic stay "terminate[d] with respect to the [D]ebtor on the 30th day after the filing of the later case" -- as to U.S. Bank (who objected to the Motion), but not as to others (who did not object).

U.S. Bank's seeming victory, however, does not authorize the bank to foreclose on the Debtor's residence so long as the property remains within the bankruptcy estate, or until the court grants relief from the automatic stay.[2]  This court and others have concluded that, "for debtors with two cases pending within the same year, the automatic stay terminates thirty days after filing the second case -- with respect to the debtor and property of the debtor, but not with respect to property of the estate." *In re Robinson*, 427 B.R. 412, 414 (Bankr. W.D. Mich. 2010); *see also In re Wilson-Fields*, Slip. Op., Case No. DK 15-00863, 2015 WL 1294137 (Bankr. W.D. Mich. March 21, 2015); *In re Riedy*, 517 B.R. 88, 94-95 (Bankr. W.D. Mich. 2014) (predicting that court would follow *Robinson*); *In re Johnson*, 335 B.R. 805, 807 (Bankr. W.D. Tenn. 2006); *In re Moon*, 339 B.R. 668, 673 (Bankr. N.D. Ohio 2006).  Although this view of § 362(c)(3) is not universally shared, it is the court's view and has been described as the "majority" position. *See In re Bender*, 562 B.R. 578, 579 n. 1 (Bankr. E.D.N.Y. 2016) (rejecting *Robinson* analysis but describing it as the majority view).

Although the court rejects the Debtor's argument that LBR 4001-5 and 9013(c) modify § 362(c)(3)(B), it nevertheless understands that the routine scheduling of motions outside the 30 day period may induce reliance, however misplaced.  In some cases, the expense that can be

---

[1] *See, e.g.*, 11 U.S.C. §§ 362(e)(1), 363(c)(3), 521(a)(7) (hanging paragraph), and 1121(e)(3)(C).

[2] It should go without saying that nothing in this opinion precludes U.S. Bank or any other party in interest from seeking relief from the automatic stay under § 362(d), or any other relief in this case.

avoided by relying on the "notice and opportunity to object" procedure, coupled with a low probability of objection, may justify using the procedure notwithstanding the risks, as the Debtor has suffered here. Best practice, however, may counsel against using LBR 4001-5 and a negative notice procedure to secure the time-sensitive relief under § 362(c)(3)(B).

Going forward, in cases assigned to the author of this opinion, the court will adopt the following scheduling procedure for cases in which a debtor or other party in interest requests an extension of the automatic stay by filing a motion on negative notice under LBR 4001-5 and 9013(c):

1. When an objection is filed in response to a motion to continue the automatic stay on negative notice, and the Clerk cannot schedule a hearing within 30 days of the petition date on the court's regular motion day (in the location assigned under LBR 1014), the moving party may file an *ex parte* written request to set the hearing on a non-motion day or on a motion day in another city, in order to meet the 30 day deadline;

2. In making a written request to schedule a hearing on such a motion, the moving party must keep in mind the 7 day notice requirement of Fed. R. Bankr. P. 9006(d) and the possible need to reduce the notice period under Fed. R. Bankr. P. 9006(c)(1); and

3. Absent a request for special scheduling as described herein, the court will generally schedule motions to extend the automatic stay on the next available motion day in the assigned location, even if the scheduling may result in denial of the motion (as to objecting parties) for failure to conclude the hearing within the statutory period.

The court intends to post these procedures on its website to avoid the confusion that evidently occurred in this case.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 17) is (1) DENIED as to U.S. Bank; and (2) GRANTED as to all other creditors.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Chris Markoch, Brett Border, Esq., Elizabeth M. Abood-Carroll, Esq., and Barbara P. Foley, chapter 13 trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 19, 2018**



Scott W. Dales
United States Bankruptcy Judge